**JAMIE E. SCHMID**
California State Bar No. 339135
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Jamie_Schmid@fd.org

Attorneys for Mr. Bonyhard

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Jonathan Bodine Bonyhard,<br><br>　　　　　　　Defendant. | Case No.:　25-CR-00984-BTM<br><br>Hon. Barry T. Moskowitz<br>Date: May 5, 2025<br>Time: 2:00 p.m.<br><br>**NOTICE OF MOTIONS AND MOTION TO COMPEL DISCOVERY, PRESERVE EVIDENCE, AND FOR LEAVE TO FILE FURTHER MOTIONS WITH POINTS AND AUTHORITIES IN SUPPORT OF MR. BONYHARD'S MOTION** |

### NOTICE OF MOTIONS AND LOCAL RULE 16.1 STATUS

The defendant, Jonathan Bodine Bonyhard, by and through counsel, Jamie E. Schmid and Federal Defenders of San Diego, Inc., hereby moves this court to Compel Discovery, Preserve Evidence, and for Leave to File Further Motions and submits the following Points and Authorities in support of his motions. Pursuant to local rule 16.1 counsel has previously requested discovery to the assigned AUSA Robert Aaron McElhose. Mr. McElhose has been providing discovery on a rolling basis pursuant to his obligations and counsel's request.

To date, partial discovery has been received. It is unknown if there will be any disputes until full discovery has been produced.

1

## I.    <u>Background</u>[1]

On February 26, 2025, Jonathan Bodine Bonyhard ("Mr. Bonyard") attempted to enter the United States from Mexico, via the San Ysidro Port of Entry driving a 2019 Honda Civic. According to government-produced discovery, 109 packages of methamphetamine were found in the car driven by Mr. Bonyhard.

Mr. Bonyhard waived indictment and pleaded not guilty to an information charging him with one count of importation of methamphetamine in violation of 21 U.S.C. §§ 952, 960. Discovery is not yet complete.

These motions follow.

## II.    <u>Motion to Compel Discovery</u>

On February 28, 2025, Mr. Bonyhard emailed the government, generally requesting the preservation and production of all relevant items under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland.* 373 U.S. 83 (1963). Mr. Bonyhard's request included all material information in the government's possession. Under Rule 16's broad right to discovery, information is relevant if it has *any* tendency to prove or disprove a fact in the case. *See United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013). If information is helpful to prepare a defense, the defendant has overcome Rule 16's "low threshold" of materiality. *United States v. Palacios-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). Mr. Bonyhard now specifically moves the Court to compel the government for the following items:

1)  <u>Mr. Bonyhard's oral statements.</u>

Mr. Bonyhard requests all oral statements made by him before or after his arrest. Under Rule 16 of the Federal Rules of Criminal Procedure, Mr. Bonyhard is entitled to any relevant oral statement made by him. *See* Fed. R. Crim. P. 16(a)(1)(A).

---

[1] Unless otherwise noted, the statement of facts is based on government-produced discovery.

2

Mr. Bonyhard specifically requests any statements he allegedly made to any government agent on the day of his arrest.

2) Mr. Bonyhard's written statements.

Mr. Bonyhard requests any of his written or recorded statements. Mr. Bonyhard is entitled to "any relevant written or recorded statement" made by him. Fed. R. Crim. P. 16(a)(1)(B). These statements include any written or recorded statements made by Mr. Bonyhard before his arrest, leading to his interrogation, and afterward.

3) Video Footage.

Mr. Bonyhard requests any video recording of his encounter with any law enforcement agent. Under Rule 16, the government must provide Mr. Bonyhard the opportunity to review and inspect "photographs, tangible objects" within the government's possession. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. Bonyhard requests 1) any/and all videos at the port of entry that were operating during his arrest, and 2) any x-ray taken of the vehicle driven by Mr. Bonyhard.

4) All favorable evidence to Mr. Bonyhard entitled under *Brady* and its progeny.

Mr. Bonyhard requests all "evidence favorable" to him "where the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. at 87. This is not limited to information the government has actual knowledge of; rather the government has a "duty to learn of" *Brady* information and disclose it. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). Impeachment information also falls under *Brady*, "when the reliability of a given witness may well be determinative of guilt or innocence." *Giglio v. United States*, 405 U.S 150, 154 (1972). Material evidence is the type of evidence that might affect the outcome of the trial. *See United States v. Agurs*, 427 U.S. 97, 104 (1976). The government's disclosure requirements arise even if Mr. Bonyhard does not specifically request exculpatory or impeaching evidence. *Id.*

5) Arrest Reports, Notes, Dispatch Tapes, and Audio/Video Recordings.

UNITED STATES V. BONYHARD, 25CR00984 - MOTION TO COMPEL DISCOVERY

Mr. Bonyhard specifically requests all arrest reports, notes, dispatch, and any other audio/video recordings that relate to the circumstances surrounding his arrest or any questioning, be turned over. This request includes, but is not limited to, any wiretaps, recorded conversations, dispatch tapes, rough notes, reports, in-field communication between officers and informants, transcripts, or other documents in which statements of Mr. Bonyhard, any informant, or any other discoverable material is contained. This information is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady*. The government must produce any reports, notes on the investigation, prior statements by the government's witnesses recorded on dispatch tapes, any statements, and any reports containing a summary of statements by the witnesses and defendants involved in this investigation under Rule 16, *Brady*, and the Jencks Act. *See* Fed. R. Crim. P. 16(a)(1)(B) and (c), 26.2 and 12(I); *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976). **Preservation of the dispatch tapes and any other recordings is specifically requested, even if the government does not deem them discoverable at this time.**

6)  Any Proposed 404(b) Evidence.

The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b), and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. Also, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F/2d 822, 830 (9th Cir. 1982) (internal citations omitted). Mr. Bonyhard requests such notice two weeks before trial to give the defense time adequately to investigate and prepare for trial.

7)  Evidence Seized.

UNITED STATES V. BONYHARD, 25CR00984 - MOTION TO COMPEL DISCOVERY

Mr. Bonyhard requests the production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E). The defense also requests any warrant applications that may have been filed. Mr. Bonyhard wishes to inspect the evidence before trial. **Specifically, the defense requests the opportunity to inspect any cellular phone seized in this case. Also, the defense wishes to inspect the vehicle and the narcotics allegedly seized.**

8) Request for Preservation of Evidence.

Where evidence is seized, "the government should take every reasonable precaution to preserve it." *United States v. Sheiden*, 508 F.2d 898, 903 n.1 (9th Cir. 1974). "[W]hen the government fails to comply with preservation requests and allows evidence to be destroyed, it likely runs afoul of its discovery disclosure requirements under Fed.R.Crim. P. 16." *United States v. Zaragoza-Moreira*, 780 F.3d 971, 981 (9th Cir. 2015). Mr. Bonyhard specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, any and all audio or video recordings of the events that took place, body camera and port of entry video footage, the results of any fingerprint analysis, Mr. Bonyhard's personal effects, any evidence seized from Mr. Bonyhard or any third party in relation to this case, including the vehicle Mr. Bonyhard was driving, any cellular phones and the data on the phones, and any audio or video recordings of Mr. Bonyhard or any third parties related, directly or indirectly, to this case.

9) Tangible Objects.

Under Fed. R. Crim. P. 16(a)(1)(C), Mr. Bonyhard is entitled to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, paper documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr.

Bonyhard. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. Bonyhard requests **color copies** of all photographs in the government's possession of the alleged narcotics. It is defense counsel's experience that black-and-white copies do not accurately depict the photographs retained by the government.

10) <u>DEA 7 Form.</u>

Mr. Bonyhard requests a copy of the DEA 7 form that should indicate the alleged weight and purity of the contraband in this case.

11) <u>TECS Reports.</u>

The government must produce any prior border crossings of Mr. Bonyhard before trial because they are considered "other acts" of evidence. Specifically, Mr. Bonyhard requests all TECS reports, or whatever they might be called, that include reports pertaining to all entries into the U.S. ports, or inspections, pertaining to Mr. Bonyhard and the vehicle Mr. Bonyhard was driving. Moreover, Mr. Bonyhard puts the government on notice that prior border crossings may tend to exculpate Mr. Bonyhard, making evidence of these crossings discoverable under *Brady*.

Mr. Bonyhard also specifically requests production of any prior TECS reports relating to other times he has been referred to secondary inspection within **six months** before his arrest in this case.

12) <u>Written Summary of Any Expert.</u>

The government must provide Mr. Bonyhard with a written summary of any expert the government intends to use at trial. Mr. Bonyhard is entitled to this discovery under Rule 16(a)(1)(G) and must provide "the witness's opinions, the bases and reasons for those opinions, and the witness's qualification." This information is material to prepare for cross-examining the witness at trial and to request a *Daubert* hearing if necessary.

The defense requests the notice of expert testimony be provided at least two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigation the

UNITED STATES V. BONYHARD, 25CR00984 - MOTION TO COMPEL DISCOVERY

opinions and/or the credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of any expert. *See Kumho Tire Co., Ltd. v. CarGilberto*, 526 U.S. 137,152, 119 S.Ct. 1167, 1176 (1999) (trial judge is a gatekeeper and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings.").

13) Mr. Bonyhard's Prior Record.

Mr. Bonyhard requests disclosure of his prior criminal record. Fed R. Crim. P. 16(a)(1)(B). Specifically, Mr. Bonyhard requests certified copies of the charging documents, plea and sentencing transcripts, and judgment of convictions of any prior convictions used to increase or adjust Mr. Bonyhard's sentence under the advisory guidelines.

14) Evidence of Bias or Motive to Lie.

Mr. Bonyhard requests any evidence that any prospective government witness is biased or prejudiced against Mr. Bonyhard or has a motive to falsify or distort his testimony.

15) Impeachment Evidence.

Mr. Bonyhard requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to Mr. Bonyhard. *See* Fed. R. Evid. 608, 609 and 613; *Brady v. Maryland.*

16) Evidence of Criminal Investigation of Any Government Witness.

Mr. Bonyhard requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct.

17) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth-Telling.

Mr. Bonyhard requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence

7

that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

18) Name of Witnesses Favorable to Mr. Bonyhard.

Mr. Bonyhard requests the name of any witness who made an arguably favorable statement concerning Mr. Bonyhard and his participation in the crime charged.

19) Jencks Act Material

Mr. Bonyhard requests all material to which he is entitled under the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2, including dispatch tapes, in advance of the motion hearing or trial. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see also United States v. Bosshell*, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an agent review notes with the subject of the interview); *see also United States v. Riley*, 189 F.3d 802, 806-808 (9th Cir. 1999).

Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Bonyhard to investigate the Jencks material. Mr. Bonyhard requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for and use properly any Jencks statements during cross-examination.

20) *Henthorn* Material.

Mr. Bonyhard requests that the Assistant United States Attorney assigned to his case oversee a review of all personnel files of each agent involved in the present case for impeachment material. "The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including police." *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

UNITED STATES V. BONYHARD, 25CR00984 - MOTION TO COMPEL DISCOVERY

21) Scientific and Other Information.

Mr. Bonyhard requests the results of any scientific or other tests or examinations, including testing done on the alleged cocaine and fentanyl. *See* Rule 16(a)(1)(F).

22) Informants and Cooperating Witnesses.

The defense requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, the disclosure of any informant who was a percipient witness in this case or otherwise participated in the charged crime. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpate or tends to exculpate the defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or a cooperating witness. *Id.* Specifically, Mr. Bonyhard requests that, to the extent that there was any informant, or any other tip leading to a TECS hit, in this case, the names, and addresses of any such informants be disclosed.

23) Personnel Records of Government Officers Involved in the Arrest.

Mr. Bonyhard specifically requests all citizen complaints and other related internal affairs documents involving any of the Customs officers or other law enforcement officers who were involved in the investigation, arrests and interrogations in this case, pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source.

24) Residual Request.

Mr. Bonyhard intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Bonyhard requests that the government provide him with the above-requested material sufficiently in advance of trial to avoid unnecessary delay.

UNITED STATES V. BONYHARD, 25CR00984 - MOTION TO COMPEL DISCOVERY

### III.    Motion to Preserve and Inspect Evidence

Mr. Bonyhard requests the preservation of all physical evidence in this case. This includes any evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government (or its private contractors). *United States v. Riley*, 189 F.3d 802, 806-08 (9th Cir. 1999). This request includes but is not limited to 1) Mr. Bonyhard's personal effects; 2) any audio or video recording depicting Mr. Bonyhard or the circumstances of his arrest; 3) the vehicle driven by Mr. Bonyhard; 4) and the drugs. Mr. Bonyhard also moves this Court to order that defense counsel have access to the drugs for inspection and re-weighing. Mr. Bonyhard also moves the Court for an Order preserving the cellular phone for inspection by defense counsel.

### IV.    Motion for Leave to File Further Motions

Mr. Bonyhard requests leave to file further motions based upon information gained in the discovery process.

### V.    Conclusion

To date, Mr. Bonyhard has received ongoing discovery. Mr. Bonyhard now moves the Court to compel the government to produce the above documents he is entitled to prepare his defense.

Respectfully submitted,

Dated:  April 30, 2025

*s/ Jamie E. Schmid*
JAMIE E. SCHMID
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Bonyhard
Email: Jamie_Schmid@fd.org

10

UNITED STATES V. BONYHARD, 25CR00984 - MOTION TO COMPEL DISCOVERY